UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eddie Hudson, III,                                    Civ. No. 19-2492 (PAM/DTS)

                        Plaintiff,

v.                                                                  **ORDER**

Trillium Staffing, XL Insurance
w/c by Corvel Corporation,
Kristen Gyolai, and James K
Heling,

                        Defendants.

_____

       This matter is before the Court on the Report and Recommendation ("R&R") of

United States Magistrate Judge David T. Schultz dated April 15, 2020.  (Docket No. 18.)

The R&R recommends that the Court deny Plaintiff Eddie Hudson III's Application to

Proceed in forma pauperis (Docket No. 2) and dismissing the Amended Complaint (Docket

No. 13) without prejudice for lack of subject-matter jurisdiction.  Magistrate Judge Schultz

also denied Hudson's Motion for Counsel.  (Docket No. 15.)  Hudson filed timely

objections to the R&R.  (Docket No. 19.)  The Court will also construe the Objections as

appealing the order denying his request for counsel.

       This Court must review de novo any portion of an R&R to which specific objections

are made.  28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b).  And the Court reviews the

Magistrate Judge's decisions on non-dispositive issues under a deferential clearly

erroneous or contrary-to-law standard.  D. Minn. L.R. 72.2(a)(3).  After conducting the

required review and for the following reasons, the Court **ADOPTS** the R&R (Docket No.

18) and **AFFIRMS** the denial of the Motion to Appoint Counsel (Docket No. 17).

Hudson, proceeding in this matter pro se, alleges that he was injured at work and that the attorney who represented him during his workers'-compensation proceedings, Defendant Kristen Gyolai, illegally filed a lien against the judgment Hudson received, and that other Defendants took actions resulting in Hudson receiving far less compensation than he should have for his work-related injuries.  (See R&R at 2-3.)  His Amended Complaint raises eight separate causes of action and potentially implicates several more. (Id. at 3-4.)  However, as the R&R notes, because these causes of action arise under state law, the Court does not have federal-question jurisdiction over Hudson's claims.  (Id. at 8.) And there is no diversity of citizenship among the parties—indeed, the Amended Complaint alleges that all parties are from Minnesota.  (Id. at 7.)  Thus, there is no diversity jurisdiction, either, therefore the Court lacks subject-matter jurisdiction over the Amended Complaint.

Hudson's Objections argue that the Court should allow him to amend his pleadings to assert a federal claim under what he calls The Elder Abuse Act, 42 U.S.C. § 3508 et seq. (Obj. (Docket No. 19) at 2.)  He claims that he included this statute on his civil coversheet but inadvertently neglected to plead any claims under the statute because of his pro se status and mental difficulties.

While the Court is sympathetic to the challenges of proceeding pro se, Hudson's proposed amendment does not confer federal jurisdiction.  The so-called Elder Abuse Act is a funding mechanism by which Congress encouraged the states to create agencies and programs to prevent and identify elder abuse.  The statute does not create any private rights

2

of action.  In other words, Hudson may not bring a civil claim, in either state or federal court, based on this statute.  And merely because Hudson believes that the workers'-compensation settlement is adversely affecting his Medicare or Social-Security disability payments likewise does not mean he has any federal causes of action.  To the extent Hudson has any claims for the financial exploitation he alleges against these Defendants, he must bring those claims in state court.

Finally, the Magistrate Judge's denial of Hudson's Motion to Appoint Counsel is not a reflection on Hudson or on the merits of his claims, as he apparently believes.  Rather, because federal courts are courts of strictly limited jurisdiction and Hudson has no federal claims, the appointment of counsel will not advance Hudson's case in this Court.  The Court lacks subject-matter jurisdiction, and the Amended Complaint must be dismissed. But the dismissal for lack of jurisdiction is without prejudice, so that Hudson may seek to prosecute his claims in state court, if he so desires.

Accordingly, **IT IS HEREBY ORDERED that**:

1.     The R&R (Docket No. 18) is **ADOPTED**;

2.     The Amended Complaint (Docket No. 13) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

3.     The Application to Proceed in forma pauperis (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 28, 2020                          *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge

3